**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IFC CREDIT CORPORATION, assignee of
NorVergence, Inc.,

    Plaintiff,

vs.                             CASE NO. 8:05-cv-678-T-17MAP

CENTURY REALTY FUNDS, INC.,

    Defendant.
_____/

## ORDER

    This cause is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim and Motion to Strike Affirmative Defenses, filed on June 6, 2005 (Dkt. 36), and Defendant's response thereto, filed on June 16, 2005 (Dkt. 40).

## BACKGROUND

    Plaintiff, IFC Credit Corporation, is an Illinois Corporation authorized to conduct business in Illinois, and maintains its principal place of business at 8700 Waukegan Road, Suite 100, in Morton Grove, Illinois. Defendant, Century Realty, is a Florida corporation with its principal place of business at 500 South Florida Avenue, Suite 700, Lakeland, Florida. The case was transferred to this Court from the United States District Court for the Northern District of Illinois, Eastern Division. Jurisdiction is appropriate pursuant to 28 U.S.C. §1332. Venue is appropriate under 28 U.S.C. §1391 because the Defendant is subject to personal jurisdiction in the Middle District of Florida, and a substantial portion of the events giving rise to IFC's claim occurred in this district.

    On January 22, 2004, IFC's assignor, NorVergence, Inc. entered into a written Equipment Rental Agreement with Century Realty for the lease of telecommunication equipment, specifically a Matrix box. NorVergence rented the special box to Century Realty enabling the Defendant to receive a reduced rate on telecommunications services, such as unlimited long distance and high speed internet. Defendant contends that the box was intended to be used in connection with the telecommunications services that

NorVergence would provide, and without such service the purpose of the contract was completely frustrated.  However, IFC argues that the lease specifically stated that the contract was for equipment rental only, and does not include service or maintenance of the equipment.  Under the conditions of the contract, Century Realty agreed to make a monthly payment of $796.84 to NorVergence for a period of sixty months.  On February 24, 2004, Century Realty signed a Delivery and Acceptance Certificate certifying that it had received and accepted the equipment, and agreed to all terms and conditions of the contract.

NorVergence later assigned the contract rights to IFC, and notified Century Realty of the assignment.  The contract specified that NorVergence "could sell, assign or transfer all or any part of the Rental and/or the Equipment without notifying [Century Realty]."  It further stated that the new owner would have the same rights as NorVergence, but not its obligations.  The assignment clause also mandated that Century Realty could not assert any claims against the assignee that it may have against NorVergence.

The contract also contained a choice-of-law provision that stated that any claims made against NorVergence would be brought pursuant to the laws of the state where the Rentor's principle office was located.  Further, the choice-of-law provision stated that if the contract was assigned, then any action against the assignee would be brought pursuant to the laws of state where the assignee's principle office was located, which in this case is Illinois.

Century Realty was never provided the telecommunications service it believed it had contracted to receive.  It claims that the matrix box was nothing more than a router, and that it was useless without telecommunication service.  Further, Century Realty claims that NorVergence used unethical and high pressure sales tactics to induce the Defendant to enter into the contract.  As a result, Century Realty made no payments to IFC.  IFC sued Century Realty demanding payment under the rental agreement.  Century Realty answered the claim denying liability for the payments asserting sixteen affirmative defenses, and counterclaimed for rescission of the contract.  IFC moved to dismiss the Counterclaim under Fed. R. Civ. P. 12(b) 6 stating that, as an assignee of the contract, IFC cannot be held responsible for any wrong-doing on the part of NorVergence

in the formation of the contract. Further, it contends that the contract is true and binding as evidenced by the Delivery and Acceptance Certification, and that that all Affirmative Defenses should be struck. IFC based its Motion to Dismiss and Motion to Strike on Florida law.

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss for failure to state a claim, this Court must accept the pleaded facts as true, and resolve them in light most favorable to the plaintiff. Anacata v. Prison Health Srcs. Inc., 756 F. 2d 700, 703 (11th Cir. 1985). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is "exceedingly low." Id. at 703 *quoting* Quality Foods de Centro America, S.A v. Latin American Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983).

In regards to the Motion to Strike, Fed. R. Civ. P. 12(f) provides that, upon motion, this Court "may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter."

## DISCUSSION

Century Realty argues that the Motion of Dismiss and the Motion to Strike must be denied because IFC failed to support the motions with the correct state law. Accordingly, the first issue that this Court must address is which state law applies to the breach of contract claim. This case was transferred to this Court from the United States District Court for the Northern District of Illinois, Eastern Division. On ruling on the Motion to Transfer, the judge found that there was no personal jurisdiction over the Defendant, Century Realty, in the Northern District of Illinois. In his Order to Transfer, the judge made no determinations on the appropriate law that applies in this case, but left that determination to this Court. Since there was no personal jurisdiction over Century Realty in the Northern District of Illinois, it was an improper forum for adjudication, and the case was properly transferred to this district under 28 U.S.C. §1406(a).

Typically under a §1406(a) transfer, the law applied to the action is the law of the transferee state, or in this case, Florida law. When a transfer for improper forum is granted pursuant to §1406(a), then "regardless of which party requested the transfer or the purpose behind the transfer, the transferee court must apply the choice-of-law rules of the state in which it sits." Manley v. Engram, 755 F.2d 1463 (11th Cir. 1985) *quoting* Ellis v. Great Southwestern Corp., 646 F.2d 1099, 1110 (5th Cir. 1981). A transfer under §1406(a) is not based on the inconvenience of the transferor forum, but rather on the impropriety of that forum. If the state law of an improper forum is applied following a §1406(a) transfer, the plaintiff could benefit from having brought the action in an impermissible forum. Ellis, 646 F.2d at 1109 *quoting* Martin v. Stokes, 623 F. 2d 469, 472-73 (6th Cir. 1980). Stated simply, where venue or jurisdiction is improper in the original forum, there is no good reason for the choice-of-law rules of that forum to govern the adjudication by the transferee court. Thus, following normal transfer of venue rules, Florida contract law would apply in this case.

However, the law normally applied under a §1406(a) transfer does not apply in this case because the parties agreed to a choice-of-law provision in the contract. The contract states, "This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principle office are located or, if this Lease is assigned by Rentor, the state in which the assignee's principle offices are located, without regard to such state's choice of law." Because the parties agreed to be bound by the law of the state in which the assignee resides, Illinois law is still applicable to this case. Thus, Florida law will not apply.

The U.S. Supreme Court has consistently found choice-of-law provisions valid, unless it is clear that the provision was unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Likewise, the Eleventh Circuit held that the fact that a contract was entered into under misrepresentation or duress does not mean that the choice-of-law provision is invalid. The clause will only be denied effect if undue influence or mistake was responsible for the complainant's adherence to the provision. Mazzoni Farms, Inc. v. E.I. Dupont De Nemours and Co., 223 F.3d 1275, 1279 n.4 (11th Cir. 2000); see also Lipcon v. Underwriters at Lloyd's, London, 147 F.3d 1285, 1295 (11th Cir. 1998) (holding that choice of law clauses are presumptively valid

where the underlying transaction is international); Delhomme Industries Inc. v. Houston Beechcraft, 669 F.2d 1049, 1058 (5th Cir. 1982) (finding that "a choice-of-law provision in a contract is presumed valid until it is proved invalid.")

Neither party in this case has shown any compelling reason why the choice-of-law provision designating Illinois law should not apply.  Plaintiff contends that Defendant's two references to Florida law in his Answer override the choice-of-law provision.  In viewing the Motion to Dismiss the Counterclaim in a light most favorable to the Defendant, this Court finds that argument unpersuasive.  Century Realty was correct in its Response to the Motion to Dismiss that IFC's application of Florida law was misplaced.   As a result, Plaintiff's Motion to Dismiss the Counterclaim and Strike the Affirmative Defenses is denied without prejudice.  Plaintiff may re-file the motion based on the appropriate state law.   Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Dismiss Defendant's Counterclaim and Motion to Strike Affirmative Defenses (Dkt. 36) be **DENIED** without prejudice**,** and the counterclaim defendant has ten days to respond to the complaint or file a second motion to dismiss.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 22nd day of July, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record